IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0338-09






CORBETT K. WEINN, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SEVENTH COURT OF APPEALS


LUBBOCK COUNTY





 Johnson, J., delivered the opinion of the Court in which Meyers, Price,
Womack, Holcomb, and Cochran, JJ., joined. Keller, P.J., filed a dissenting
opinion in which Keasler, and Hervey, JJ., joined. Keasler, J., filed a dissenting
opinion in which Keller, P.J., and Hervey, J., joined.


O P I N I O N
 After his plea in bar on double-jeopardy grounds was overruled, appellant plead nolo
contendere to possession with intent to deliver and guilty to manufacture of methamphetamine, both
in amount less than 400 grams, but at least 200 grams. After a punishment trial, a jury assessed
punishment at 30 years' imprisonment for each offense. The trial court ordered the two sentences
to run concurrently. 

 On appeal, appellant contended that his conviction of both manufacturing and possession
with intent to deliver violated the Fifth Amendment's prohibition against double jeopardy. Weinn
v. State, 281 S.W.3d 633, 636 (Tex. App.-Amarillo, 2009). The court of appeals agreed with
appellant and the state (which initially conceded the issue), holding that the two charges punished
appellant twice for the same offense. Id. at 642-43. The court of appeals vacated the conviction for
manufacturing methamphetamine and affirmed the trial court with respect to the conviction for
possession with intent to deliver. Id. at 643. The state appealed the court's order vacating of the
manufacturing conviction. 

 We granted review of the double-jeopardy issues raised in the state's petition for
discretionary review.

 1. Can a defendant be convicted and punished for both manufacture and the
subsequent delivery or possession with the intent to deliver of the same quantity of
controlled substances, or does Texas Health and Safety Code § 481.112 allow more
than one "allowable unit of prosecution," i.e. one for the manufacture and one for the
delivery?

 

 2. Did the court of appeals err in finding that the offenses of manufacturing a
controlled substance and possession with intent to deliver a controlled substance are
the same for double-jeopardy purposes, even though the separate offenses are meant
to punish separate dangers?


 We conclude that the legislature intended that manufacture and simultaneous possession with
intent to deliver of the same single quantity of controlled substances constitutes a single offense. 
Punishing appellant twice for the same offense would violate his constitutional rights against double
jeopardy. Therefore, we affirm the court of appeals.

Facts

 The record reflects that, in response to a complaint about strange smells, sheriff's deputies
approached appellant's property. They detected a strong odor of anhydrous ammonia and observed
appellant put a box in the back of his pickup truck. After detaining appellant, the deputies searched
the property, the house, the truck, and appellant himself. They discovered evidence of
methamphetamine manufacture, including numerous empty blister packs of Sudafed, a microwave
containing Sudafed residue, an anhydrous ammonia dump, lithium batteries, muriatic acid, drain
cleaner, cans of Heet, 15 cans of starter fluid, a hydrogen-chloride generator, rock salt, and a single
plastic jug with 224.96 grams of liquid that contained methamphetamine in one of the late stages of
manufacture. They also found a bottle of a cutting agent, a razor blade, plastic baggies, including
one that contained methamphetamine residue, and digital portable scales.

 The state filed a three-count indictment. The first count, possession with intent to
manufacture, was dismissed before trial. The state alleged in count two that appellant knowingly
possessed methamphetamine, with intent to deliver. Count three alleged that appellant knowingly
manufactured methamphetamine. All counts alleged an aggregate weight less than 400 grams, but
at least 200 grams of methamphetamine, making each offense a first-degree felony. Texas Health
and Safety Code § 481.112.

Arguments of the Parties

 Appellant contends that the legislature intended to create only one allowable unit of
prosecution in the circumstances presented here because the statute lists a "continuum" of offenses
designed as alternative means of prosecuting a defendant for engaging in the drug-trafficking
process. Furthermore, appellant contends that, even under the Blockburger test, appellant's
conviction violates double jeopardy because he engaged in only a single act, specifically
manufacture, and that possession was an inevitable result of manufacture, requiring no additional
evidence to prove possession. Finally, in the event that legislative intent is unclear, the court should
apply the rule of lenity to find in favor of appellant.


 The state contends that each offense requires proof of different elements, thus satisfying the
Blockburger test. Further, based on the use of the disjunctive, the distinct differences in nature and
dangers of manufacturing and delivery offenses, and a legislative history of increasing intolerance
for drug crimes, the legislature intended to permit multiple convictions.

Double Jeopardy

 The Fifth Amendment's Double Jeopardy Clause provides that no person shall "be subject
for the same offence to be twice put in jeopardy of life or limb." U.S. Constitution, Amendment V. 
It protects an accused against: 1) a second prosecution for the same offense after acquittal; 2) a
second prosecution for the same offense after conviction; and 3) multiple punishments for the same
offense. Brown v. Ohio, 432 U.S. 161, 165 (1977). A claim of multiple punishments may be valid
if one offense is a lesser-included offense of the other and the same conduct is punished twice or if
the same criminal act is punished under two distinct statutes when the legislature intended the
conduct to be punished under either statute, but not both. Langs v. State, 183 S.W.3d 680, 685 (Tex.
Crim. App. 2006). 

 To determine whether there have been multiple punishments for the same offense, we begin
with the "same elements" test from Blockburger v. United States, 284 U.S. 299, 304 (1932). 
"[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the
test to be applied to determine whether there are two offenses or only one is whether each provision
requires proof of an additional fact which the other does not." Id. The Blockburger test is the
starting point in the analysis of a multiple-punishments double-jeopardy claim. Bigon v. State, 252
S.W.3d 360, 370 (Tex. Crim. App. 2008). "Under the Blockburger test, two offenses are not the
same if one requires proof of an element that the other does not." Bigon, 252 S.W.3d at 370. The
analysis in Blockburger is based upon the face of the statute at issue. Blockburger, 284 U.S. at 304. 
"But in Texas, when resolving whether two crimes are the same for double-jeopardy purposes, we
focus on the elements alleged in the charging instrument." Bigon, 252 S.W.3d at 370, citing Parrish
v. State, 869 S.W.2d 352, 354 (Tex. Crim. App. 1994).

 In the present case, the two charges presented in the indictment each require proof of
elements that the other does not. Clearly, possession with intent to deliver requires the proof of
intent to deliver, and a conviction for manufacturing a controlled substance requires proof of
manufacture. Thus, under the Blockburger test, there is no double-jeopardy violation.

Legislative Intent

 "Application of Blockburger does not serve, however, to negate otherwise clearly expressed
legislative intent." Villanueva v. State, 227 S.W.3d 744, 747 (Tex. Crim. App. 2007). In the
multiple-punishments context, the Blockburger test is no more than a rule of statutory construction,
useful in determining legislative intent as to the scope of punishment where the intent is not
otherwise manifested, and does not operate to "trump 'clearly expressed legislative intent.'" Garza
v. State, 213 S.W.3d 338, 351-52 (Tex. Crim. App. 2007), citing Ex parte Kopecky, 821 S.W.2d 957,
959 (Tex. Crim. App. 1992)(quoting Missouri v. Hunter, 459 U.S. 359, 368 (1983)).

 In Ex parte Ervin, 991 S.W.2d 804 (Tex. Crim. App. 1999) we addressed the issue of double-jeopardy and legislative intent, and we "laid out a non-exclusive list of factors to consider when
examining if two offenses are the same in the context of multiple punishment." Bigon v. State, 252
S.W.3d at 371. These factors included: 1) whether offenses are in the same statutory section; 2)
whether the offenses are phrased in the alternative; 3) whether the offenses are named similarly; 4)
whether the offenses have common punishment ranges; 5) whether the offenses have a common
focus; 6) whether the common focus tends to indicate a single instance of conduct; 7) whether the
elements that differ between the two offenses can be considered the same under an imputed theory
of liability that would result in the offenses being considered the same under Blockburger; and 8)
whether there is legislative history containing an articulation of an intent to treat offenses as the same
for double-jeopardy purposes. Id. citing Ervin, 991 S.W.2d at 814. We further explained that the
common-focus factor includes whether the gravamens of the offenses are the same. Ervin, 991
S.W.2d at 814.

Guerrero v. State

 In Guerrero v. State, we applied Blockburger and the Ervin factors while addressing a closely
analogous double-jeopardy case. See Guerrero v. State, 305 S.W.3d 546 (Tex. Crim. App. 2009).
Guerrero was in possession of three batches of methamphetamine in various stages of manufacture. 
Id. at 547-48. Two of the batches contained greater than 4 grams of methamphetamine. Id. 
Guerrero was convicted of both manufacturing and possessing with intent to deliver
methamphetamine, in quantities greater than 4 grams but less than 200 grams, under Texas Health
and Safety Code § 481.112. Id.

 Guerrero sought review on double-jeopardy grounds and contended that the legislature did
not intend for multiple convictions and punishments for his actions. Id. We issued split opinions. 
A four-judge plurality held that Guerrero's conviction for manufacturing and possessing with intent
to deliver the same cache of methamphetamine did not violate the Double Jeopardy Clause. Id. at
553-54, 557, 560-61. But a majority, comprised of two concurring judges (1) and three dissenting
judges, (2) noted that the legislature did not intend multiple punishments for manufacture and
simultaneous possession with intent to deliver with respect to a single quantity of controlled
substances. Id. at 563-64, 567 (Cochran, J., concurring; Holcomb, J., dissenting). However, the
concurring judges noted that Guerrero had engaged in more than one distinct act by separately
producing three distinct batches of methamphetamine. Id. at 561. Two of the batches were of a
sufficient amount to sustain separate convictions for manufacturing or possession with intent to
deliver at the charged weight. Therefore, the concurrence agreed with the plurality that there was
no violation of double jeopardy in that case. Id. "Two distinct acts equal two violations of section
481.112 of the Texas Health and Safety Code, but one act (simultaneous manufacture and possession
with intent to deliver) evidenced by one bottle seized at one time equals only one violation of that
section." Id.

 The five concurring and dissenting judges relied on our earlier analysis of the same statute
in Lopez v. State, 108 S.W.3d 293, 297 (Tex. Crim. App. 2003). Id. at 563-64. In Lopez, we noted
that manufacturing, possessing with intent to deliver, and delivering were all points along the
spectrum of the offense of drug trafficking. Lopez v. State, 108 S.W.3d at 299-300. Further, in light
of the fact that the legislature enumerated differing punishments based solely on the quantity of drugs
discovered, the gravamen of the statute seems to be on the quantity of drugs as opposed to the type
of action taken. Id. Therefore, we concluded that the statute established alternative ways to commit
a single offense of "distribution of dangerous drugs in our society" and was designed to allow
prosecution regardless of where on the continuum the perpetrator is caught. Id. 

Conclusion

 The present case is distinguished from Guerrero in that, unlike Guerrero's indictment for
manufacture and possession involving three distinct batches of methamphetamine, this appellant was
charged and convicted based on the manufacture and simultaneous possession of a single quantity
of methamphetamine. In accordance with our analysis of the statute in Lopez, we hold that the
legislature intended that Texas Health and Safety Code § 481.112 establishes alternative means
of punishing an offense in the continuum of drug distribution. Manufacturing and possession with
intent to deliver both create the singular danger that controlled substances will be distributed to
society. Therefore, a single act (simultaneous manufacture and resulting possession with intent to
deliver) with respect to a single quantity of controlled substances constitutes a single violation of
Texas Health and Safety Code § 481.112. 

 While one cannot manufacture methamphetamine without simultaneously possessing it, this
is not true of delivery of that same single quantity of methamphetamine; one can possess without
delivering. We reiterate that our holdings here and in Guerrero do not bar a prosecution for delivery
of a controlled substance if a person who manufactures (and thereby possesses) a quantity of a
controlled substance later delivers that same quantity to a third party. A later sale of that substance
to a third party would be a second distinct act, a separate violation of the statute, and a basis for a
second punishment. See Blockburger, 284 U.S. at 301-02. 

 Appellant's convictions for both the manufacture and simultaneous possession with intent
to deliver of a single container of methamphetamine violated the Double Jeopardy Clause. We
affirm the judgment of the court of appeals.


Delivered: June 30, 2010

Publish
1. Id. at 561. (Cochran, J., joined by Womack, J., concurring)("I concur in the court's judgment, but I
respectfully disagree that a person may be punished for both manufacturing and possessing with intent to deliver the
same single cache of methamphetamine at one specific time.")
2. Id. at 567 (Holcomb, J., joined by Meyers and Johnson, JJ., dissenting)("[T]he Legislature intended that
the manufacture of a single quantity of methamphetamine and the simultaneous possession of that methamphetamine
with intent to deliver it to someone else would constitute but one violation of § 481.112(a), for which there could be
but one conviction and one punishment.")